**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Lopez, | No. CV-23-00534-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Mark Gutierrez, | |
| Respondent. | |

On May 31, 2024, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") (Doc. 16), recommending that this Court deny Petitioner Raul Lopez's First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 6) and Motion for Preliminary Injunction (Doc. 7). Petitioner filed an Objection (Doc. 17), to which Respondent filed a Response (Doc. 18).

**I.     Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the

district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**II.     Discussion**

In his First Amended § 2241 Petition, Petitioner asserts two claims alleging (1) that 28 C.F.R. § 523.44(b) must be set aside because it gives the Bureau of Prisons ("BOP") discretion that 18 U.S.C. § 3632(D)(4)(A)-(C) does not authorize; and (2) the mandatory language of 18 U.S.C. § 3632(d)(4)(C) requires application of earned First Step Act ("FSA") time credits and transfer to prerelease custody.  (Doc. 6.)  In his Motion for Preliminary Injunction, Petitioner asks the Court to enjoin enforcement of 28 C.F.R. § 523.44(b).  (Doc. 7.)

Magistrate Judge Aguilera's R&R finds that the § 2241 Petition should be denied on the merits because even if 28 C.F.R. § 523.44(b) were set aside, Petitioner, who has been deemed a medium risk for recidivism, does not satisfy the eligibility requirements for transfer into prerelease custody or supervised release under 18 U.S.C. § 3524(g), as incorporated by § 3632(d)(4)(C).  (Doc. 16 at 5-6.)[1]  Magistrate Judge Aguilera further recommends denying Petitioner's Motion for Preliminary Injunction as moot or, alternatively, on the merits for failure to establish a likelihood of success on the merits and irreparable harm.  (*Id.* at 6-7.)

In his Objection, Petitioner argues that 18 U.S.C. § 3632(d)(4)(C) confers a liberty interest by way of its imposition of mandatory duties; that § 3632(d)(4)(C), as the more specific statute, governs § 3624(g)(1); and that under the plain language of the statute, minimum and low recidivism scores are automatically processed under § 3624(g)(1)(D)(i)(I), while medium and high recidivism scores are processed under § 3624(g)(1)(D)(i)(II)(aa)-(cc).  (Doc. 17.)

---

[1] Magistrate Judge Aguilera rejected Respondent's arguments that the § 2241 Petition should be dismissed for failure to exhaust administrative remedies and for lack of subject-matter jurisdiction.  (Doc. 16 at 3-5.)  Respondent has not objected to those portions of the R&R, and the Court has accordingly reviewed those portions for clear error.  Finding no clear error, the Court will adopt those portions of the R&R.

Under the FSA, eligible prisoners who successfully complete evidence-based recidivism reduction programming or productive activities earn time credits. 18 U.S.C. § 3632(d)(4)(A). Earned time credits "shall be applied toward time in prerelease custody or supervised release," and "[t]he Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Section 3624(g), in turn, provides that a prisoner is eligible for prerelease custody or supervised release if, among other requirements, the prisoner has shown through periodic risk assessments "a demonstrated recidivism risk reduction" or the prisoner "has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). In the case of a prisoner being placed in supervised release, the prisoner must have been determined "to be a minimum or low risk to recidivate pursuant to the last reassessment." *Id.* § 3624(g)(1)(D)(ii). And in the case of a prisoner being transferred to prerelease custody, the prisoner must have either (1) been determined "to be a minimum or low risk to recidivate pursuant to the last 2 reassessments," or (2) had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison" after certain factual determinations. *Id.* § 3624(g)(1)(D)(i)(I)-(II).

Petitioner is serving a 92-month term of imprisonment and is projected to be released from BOP custody on May 6, 2025. (Doc. 13-1 at 7 ¶ 18.) He was deemed eligible to earn FSA time credits on November 27, 2019. (*Id.* at 7 ¶ 19.) During a Program Review on December 19, 2023, he was determined to be a medium risk for recidivism. (*Id.*; *see also* Doc. 13-7 at 3.) At his most-recent Program Review on July 13, 2024, he was again determined to be a medium risk for recidivism. (Doc. 20; Doc. 20-1; *see also* Doc. 21.)

Even if 18 U.S.C. § 3632(d)(4)(C) confers a liberty interest in application of earned FSA time credits toward time in prerelease custody or supervised release, Petitioner is currently ineligible, based on the clear language of 18 U.S.C. § 3624(g)(1), for release into prerelease custody or supervised release. Petitioner has been assessed as

1  a medium risk for recidivism—rather than minimum or low risk—and there is no
2  evidence that the warden of his prison has approved a petition to transfer him into
3  prerelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(B); *id.* §
4  3624(g)(1)(D)(i)-(ii).  As the R&R finds, there is no conflict between § 3632(d)(4)(C)
5  and § 3624(g); to the contrary, the eligibility requirements of § 3624(g) are expressly
6  incorporated by § 3632(d)(4)(C).  Furthermore, Petitioner is ineligible for transfer into
7  prerelease custody or supervised release based on the clear language of § 3624(g), even if
8  the Court were to set aside the regulatory language that Petitioner challenges in his §
9  2241 Petition.  Accordingly, the Court will adopt Magistrate Judge Aguilera's Report and
10 Recommendation and deny Petitioner's Motion for Preliminary Injunction and Petition
11 for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

**IT IS ORDERED:**

1. The Clerk of Court is directed to substitute B. Hudson, Warden of FCI Tucson, as Respondent.
2. Petitioner's Objection (Doc. 17) is **overruled**.
3. Magistrate Judge Aguilera's Report and Recommendation (Doc. 16) is **accepted and adopted in full**.
4. Petitioner's Motion for Preliminary Injunction (Doc. 7) is **denied**.
5. The First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 6) is **denied**.  The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 30th day of August, 2024.

Honorable Rosemary Márquez
United States District Judge